**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                        v.                09-CR-141S

**SHANE C. BUCZEK,**

       **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. (Dkt. #6). The defendant, Shane C. Buczek ("the defendant"), is charged in a nine count indictment with having violated Title 18, United States Code, Section 401(3). Currently pending before the Court are the following motions, petitions, affidavits, notices, and/or miscellaneous requests filed by the defendant:

(1)     "Notice of Mistake, Writ of Recognitione Adnullanda, Notice of Non-Consent, Lodgment and Commercial Notice of Surrender of the Ens Legis and Stramineus Homo, 'the defendant', Petition for Release of the Lawful Man, Notice of Tender of Bonds to Indemnify the Court, Waiver and Release without Consideration, Affidavit in Support, and Petition to Dismiss for Lack of Ratification of Commencement" (Dkt. #11);

(2)     "Amended Notice of Mistake, Writ of Recognitione Adnullanda, Notice of Non-Consent, Lodgment and Commercial Notice of Surrender of the Ens Legis and Stramineus Homo, 'the defendant', Petition for Release of the Lawful Man, Notice of Tender of Bonds to Indemnify the Court, Waiver and Release without Consideration, Affidavit in Support, and Petition to Dismiss for Lack of Ratification of Commencement" (Dkt. #12);

(3) "Affidavit of Original Issue, Notice to the Court Claim and Notice of the United States District Courts Western District of New York Abandonment of Claim" (Dkt. #13);

(4) "Judicial Notice Pursuant to: 48 CFR 27 CFR 72.11 Ch.1.53.228 for DEPOSIT Opt. Forms 90, 91 & SF 28, 24, 25, 25A, 273, 274 275 1402" (Dkt. #19); and

(5) "Amended and Supplement Claim and Notice of the United States District Courts Western District of New York Abandonment of Claim" (Dkt. #20).

Also pending before this Court is the government's Motion to Strike Defendant's Pretrial Filings as Frivolous. (Dkt. #24). Specifically, the government seeks an Order from this Court striking the following documents filed under docket numbers: 11, 12, 13 and 20. For the following reasons, the relief, if any, requested by the defendant in the documents filed under docket numbers 11, 12, 13, 19 and 20 is denied and the government's motion to strike (Dkt. #24) is denied as moot.

In addition to the instant nine count indictment charging the defendant with having violated Title 18, United States Code, Section 401(3) there are two other indictments pending against the defendant. First is a three count indictment charging the defendant with having violated Title 18, United States Code, Sections 1001(a)(2), 1542 and 1028(a)(4) (Case Number 08-CR-54). Second is a two count indictment charging the defendant with having violated Title 18, United States Code, Sections 1344 and 3147 (Case Number 09-CR-121). The first indictment was filed on March 4, 2008 and during the sixteen plus months that have passed since that time, the defendant has appeared before this Court nearly twenty times in connection with all

three cases combined.  With respect to the above-captioned action, the defendant has appeared before this Court five times.  Many of the court appearances in all three cases have been extremely lengthy proceedings wherein extensive discussions between the Court and the defendant have occurred concerning the defendant's interpretation of the law and public policy.  Additionally, the defendant has filed voluminous documents with the Court in all three cases (and supplied Chambers with courtesy copies) setting forth his legal and public policy arguments.  Accordingly, the Court is intimately familiar with the facts and circumstances surrounding the straightforward allegations in the instant indictment, as well as the defendant's public policy arguments, his interpretation of the criminal laws and their applicability to him and his corresponding political views and opinions concerning allegations in the indictment.

The Court has reviewed the notices and affidavit filed by the defendant (Dkt. ##11, 12, 13, 19 and 20) and finds them to be totally incomprehensible.  This Court further finds that the aforementioned documents have absolutely no bearing whatsoever on the issues raised in the indictment.  Accordingly, for the foregoing reasons the relief, if any, sought in docket numbers 11, 12, 13, 19 and 20 is DENIED.  As a result, the government's motion to strike (Dkt. #24) is DENIED as moot.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:   Buffalo, New York
         July 27, 2009

                                          s/ H. Kenneth Schroeder, Jr.
                                          **H. KENNETH SCHROEDER, JR.
                                          United States Magistrate Judge**