UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.     **ORDER**
09-CR-141S

SHANE C. BUCZEK,

        Defendant.

1.    Defendant entered a guilty plea to Count 1 of the Indictment against him on March 25, 2010. (Docket No. 68.) Before entering the plea, Defendant filed several pretrial requests for relief, which are now moot. But in the interests of completeness, the motions are denied for the reasons stated below.[1]

2.    On February 22, 2010, Defendant filed a document entitled "Global Demand to Recuse AUSA Anthony Bruce, Kathleen M. Mehltretter, Mary C. Baumgarten, [et al.] & ALL AUS Attorney's In Western District of New York Attorney Office for Conflict of Interest." (Docket No. 57.)

Defendant sought disqualification of all attorneys in the United States Attorney's Office based on alleged ethical violations, including conflict of interest and the appearance of partiality. Defendant's motion is premised on New York County Law 701, which does not apply in federal court proceedings. Defendant's motion is also based on alleged "egregious conduct in pretrial proceedings," and an alleged conflict of interest arising out of a civil suit claiming vindictive prosecution that Defendant recently filed against Assistant United States Attorney Anthony M. Bruce and others.[2]

---

[1] Defendant was on notice that these motions would be denied as of March 16, 2010, when this Court denied identical motions in another case involving defendant — 08-CR-54S.

[2] Defendant seeks $1.954 billion in damages in the civil suit.

Having reviewed Defendant's motion, this Court finds no cause for recusal and no cause to hold a hearing on the issue. Although this Court offers no opinion on the merits of the civil action, it finds that Defendant has not made a threshold showing that recusal of the prosecutors in this case, let alone the entire United States Attorney's Office, is or was warranted.

3. On February 25, 2010, Defendant filed a document entitled "Notice of Mistake With Declaration in Support/Notice of Election of a Choice In Action and Conversion on All Liability." (Docket No. 58.) This document asserts that the magistrate judge assumed a surety relationship with Defendant by virtue of entering a not guilty plea to the indictment on his behalf. Rule 11(a)(4) of the Federal Rules of Criminal Procedure, however, requires the court to enter a not guilty plea on behalf of a defendant who refuses to enter a plea. Accordingly, the magistrate judge acted properly and according to law. To the extent this submission seeks relief, it is denied.

4. On March 1, 2010, Defendant filed a document concerning judicial notice, which is approximately 40 pages of definitions and declarations that are consistent with his "redemption" theories, including (1) that this court is a "foreign court," (2) that judges serve as debt collectors, and (3) that courts are operating under the "emergency war powers act." (Docket No. 59.)

The title of the document is "Mandatory Judicial Notice" and the caption includes "Judicial Notice; Notice to the Administrative Court." It appears that this is a document in which *Defendant* is purporting to provide some sort of public, administrative notice or *himself* taking judicial notice of certain theories. But even that is somewhat unclear.

To the extent this document can be construed as a request for this Court to take judicial notice of anything contained therein, this Court finds that the request does not fit within Rule 201 of the Federal Rules of Evidence, which governs judicial notice. As such, any request for judicial notice that can be gleaned from this document is denied.

There is also some suggestion in the document that this is an Article I administrative court and that this court lacks jurisdiction. This is plainly incorrect. This is an Article III United States District Court and proper jurisdiction over this federal criminal case is indisputable. To the extent Defendant's filing can be read as a request to dismiss the indictment for lack of jurisdiction, it is denied.

5.  On March 9, 2010, Defendant filed a "Global Demand to Dismiss for Malicious, Selective, Vindictive Prosecution and Disqualification of AUSA Anthony Bruce." (Docket No. 63.) Defendant seeks dismissal of the indictment and disqualification of Mr. Bruce. Both requests hinge on Defendant's belief that no "real party of interest" has been identified, and thus, this prosecution has been vindictive. This request is also based on the allegation that Mr. Bruce demanded that Defendant accept a plea disposition.[3]

Defendant's "real party of interest" and other like arguments based on tax-protestor or redemption theories are incorrect as a matter of law, irrelevant in these criminal proceedings, and, with limited exception, are inadmissible at trial. These theories offer no basis for dismissal of the indictment, nor do they require the disqualification of Mr. Bruce.[4] Further, there is no evidence from which it can be concluded that Mr. Bruce ever

---

[3] Again, this motion predates Defendant's plea. There is no allegation that Mr. Bruce demanded that Defendant accept the plea that he entered on March 25, 2010.

[4] Again, this Court offers no opinion on the merits of Defendant's civil suit.

improperly demanded that Defendant accept a plea offer. Defendant's motion is therefore denied.

IT HEREBY IS ORDERED, that Defendant's "Global Demand to Recuse AUSA Anthony Bruce, Kathleen M. Mehltretter, Mary C. Baumgarten, [et al.] & ALL AUS Attorney's In Western District of New York Attorney Office for Conflict of Interest" (Docket No. 57) is DENIED.

FURTHER, that to the extent it seeks relief, Defendant's "Notice of Mistake With Declaration in Support/Notice of Election of a Choice In Action and Conversion on All Liability" (Docket No. 58) is DENIED.

FURTHER, that to the extent it seeks relief, Defendant's "Mandatory Judicial Notice" (Docket No. 59) is DENIED.

FURTHER, that Defendant's "Global Demand to Dismiss for Malicious, Selective, Vindictive Prosecution and Disqualification of AUSA Anthony Bruce" (Docket No. 63) is DENIED.

SO ORDERED.

Dated: July 19, 2010
      Buffalo, New York

      /s/William M. Skretny
      WILLIAM M. SKRETNY
      Chief Judge
      United States District Court