UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          -v-

**DECISION and ORDER**
09-CR-141S

SHANE BUCZEK,

          Defendant.

On March 25, 2010, Defendant, Shane Buczek, appearing *pro se*, with stand-by counsel, entered a plea of guilty that encompassed Count 1 of the Indictment: a violation of 18 U.S.C. § 401(3) (contempt of court) (Docket Nos. 67-68). On November 5, 2010, Buczek was sentenced to a term of imprisonment of 12 months to run concurrent to Count 1 of 08-CR-54 and Count 1 of 09-CR-121, but consecutive to Count 2 of 09-CR-121. A one-year term of Supervised Release was imposed to run concurrent with the terms imposed in 08-CR-54S and 09-CR-121S. (Docket No. 186.) A Judgment of Conviction was entered on November 9, 2010. (Docket No. 187.) In addition to the filing of numerous motions both before and after the plea and sentence attacking, *inter alia*, the Indictment and conviction on a number of grounds, all of which were determined to be without merit (*e.g.*, Docket Nos. 71, 73, 74, 80, 81, 161, 178 and 179),[1] Buczek filed a Notice of Appeal on November 19, 2010. (Docket No. 190.)

---

[1] This is just a small sampling of the *pro se* motions Buczek has filed in this action and other actions, both criminal and civil.

Buczek has now filed what he has titled a "Void Judgment Motion," pursuant to Fed.R.Civ.P. 60(b)(4) and Fed.R.Evid. 301 and 302. (Docket No. 199.) The Motion specifically states "Do Not Treat as a 28 U.S.C. § 2255 or Other Habeas Petition." (*Id.*) Buczek claims, as he has repeatedly claimed in the past, that the Judgment is void because the Court did not have jurisdiction over the offenses charged and for which he was convicted. For the reasons discussed below, the Motion is denied.

Rule 60(b) of the Federal Rules of Civil Procedure provides a procedural mechanism to seek relief from a final judgment or order in a *civil* case. Defendant cannot seek relief from his Judgment of Conviction pursuant to Rule 60(b) because the rule applies to civil actions only. *E.g.*, *United States v. Porter*, No. 03-CR-0129 (CPS), 2008 WL 64668, at *1 (E.D.N.Y., Jan. 3, 2008); *United States v. Tate*, No. 3:01CR98(SRU), 523 F.Supp.2d 165, 168 (D.Conn. 2007); *United States v. Smith*, 498 F.Supp.2d 517, 519 (N.D.N.Y. 2007); *see also* Fed.R.Civ.P. 1 (stating that the *Federal Rules of Civil Procedure* govern only suits that are civil in nature).

Buczek's criminal proceedings are governed by the Federal Rules of Criminal Procedure. Rule 34(a)(2) of those rules allows a defendant to move to arrest judgment if the court does not have jurisdiction of the offense charged, but a motion under Rule 34 must be made within 14 days after a plea of guilty.[2] Fed.R.Crim.P. 34(b). If the Court were to construe the instant Motion as one brought under Rule 34(a), it would be denied as untimely because it was not made within 14 days after the plea of guilty.

---

[2] Because defendant is pro se, the Court is required to construe his submissions liberally. See *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006).

Typically, when a *pro se* litigant files a post-conviction motion, putatively brought under some other provision, the Court would be required to convert the motion, upon notice and an opportunity to withdraw the motion, to a motion pursuant to 28 U.S.C. § 2255. *See Adams v. United States,* 155 F.3d 582, 584 (2d Cir.1998) (*per curiam*). However, Buczek has specifically noted in the Motion that he does not wish the Motion to be construed as a Motion to Vacate under 28 U.S.C. § 2255 and, therefore, the Court will not convert the instant Motion to one brought under 28 U.S.C. § 2255.

IT IS HEREBY ORDERED, that Defendant Shane Buczek's Motion to Void the Judgment (Docket No. 199) is DENIED.

FURTHER, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed.R.App.P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore the Court denies leave to appeal as a poor person from this Decision and Order.[3] *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

Dated: March 4, 2011
Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court

---

[3]The Court has granted Buczek permission to proceed as a poor person on his appeal from the Judgment of Conviction entered in this Court. (Docket No. 192.) That permission is not disturbed by this Decision and Order.