Shane- Christopher: Buczek
In Care of Postal Department 7335 Derby Road
Derby: New York: America, Non Domestic without the US
On the land 14047
In Propria Persona (not Pro Se)
Without counsel



United States District Court
For The Western District of New York
(Buffalo Division)

---

Shane -Christopher: Buczek
    Petitioner

V.

No. 1:09-cr-00121.001
1:09-cr00141.001 and 1:08-cr00054

UNITED STATES OF AMERICA

---

## Notice and Motion TO TERMINATE PROBATION PURSUANT TO Rule 32.1 (b) and 18 U.S.C. Section 3564 (c)

    Shane-Christopher family of Buczek, propria persona, principal, Real Party in Interest, by Special Appearance and proceeding Sui Juris **non- adverse; non combatant private foundation** pursuant to UCC FINANCINF STATEMENT FILING NUMBER : 201312200706329 please see attachment (A)

    NOW Moves the court for **termination of probation pursuant to Rule 32.1 (b) of the Federal Rules of Criminal Procedure and 18 U.S.C. Section 3564 (c). This specific law gives this court the power to terminate probation early.** In support

1
**The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the Nonexistenting Grand Jury**

of this Motion will be supported with attachments for **granting this motion to terminate a term of supervised release and discharge the person released at any time after the expiration of one year** of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the person released and **the interest of justice; State of Mind: Attachment of the Background of the Case**

The Petitioner has been researching the law with in the United States Code and the United States Constriction. <u>Please take notice:</u> <u>Shane- Christopher: Buczek State of mind</u> with the lack of <u>Criminal Intent</u> by demonstrating in his showing on the inter-net <u>YOUTUBE.COM https://www.youtube.com/watch?v=ZxTvS-kyHzs</u> this is the second part of <u>"A Powerful Performance."</u> Here, the Declaration is read by many popular actors, including, Mel Gibson, Michael Douglas, Whoopi Goldberg, Winona Ryder, and others. To hear it read with such <u>zeal</u> is very inspiring. Also Then Senator <u>John F Kennedy</u> reciting the <u>declaration of independence on a radio show to celebrate Independence Day, 1957. https://www.youtube.com/watch?v=poT5yr5lJCU</u>   Please take the time to review these on YouTube and think of this document whenever you think of the role of government but this is how I feel. <u>"State of Mind lacking Criminal Intent"</u>) See **<u>CEEK V. UNITED STATES, 498 U.S. 192 Held</u> Page 498 U. S. 206 Thus, in this case, Cheek paid his taxes for years, but after attending various <u>seminars and based on his own study, he concluded that the income tax laws could not constitutionally require him to pay a tax.</u>**
---

2

The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the Nonexistenting Grand Jury

For the reasons set forth in the opinion above, the judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

### IRS Director Admits Taxes Are Voluntary 2013

1.) http://www.youtube.com/watch?v=XNICz9CZOgw

2.) http://www.youtube.com/watch?v=hctiAVTfZq4

3.) http://www.youtube.com/watch?v=N3Od7iQ7qq8

Published on Jun 4, 2013
Steve Miller, former Director of the Internal Revenue Service (IRS), admitted at a Congressional hearing that the taxes collected by the IRS are not mandatory -- but voluntary.

When questioned at the House Ways and Means Committee (WMC) hearing last week, Miller told House Representative Devin Nunes that "America's tax system is 'voluntary'". When Nunes remarked for clarification that the US tax code is a "voluntary system", Miller said, "Agreed."

House Representative Xavier Becerra commented that the ruse of the IRS is kept as a public confidence in the system scheme to keep <u>Americans paying money to the IRS. Joe Banister is the first and thus far only IRS Criminal Investigation Division Special Agent ever to conduct, while serving as a special agent, an investigation into allegations</u> that the IRS illegally administers and enforces the federal income tax. He respectfully reported the results of his investigation to his IRS superiors, up to and including the IRS Commissioner. Rather than address the legitimate concerns raised by one of their own distinguished investigators, his IRS superiors suspiciously refused to address the chilling evidence of IRS wrongdoing raised in his report and instead encouraged him to resign from his position. Observing that IRS management intended to cover up the deceit and illegal conduct alleged in his report, Banister chose to resign from his position so that he could report his findings to the American public. In effect, Banister had to resign from his position in order to <u>abide by his oath to support and defend the U.S. Constitution.</u>

This statute directs the court to consider the factors set forth in <u>18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)</u>. *Id.* See also *U.S. v. Gammarano,* <u>321 F.3d 311, 315-16 (2d Cir.2003)</u>. The factors to be

3
<u>The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the Nonexistenting Grand Jury</u>

considered upon the imposition of a sentence within <u>section 3553(a)</u> include:

(1) the nature and circumstances of the offense and the history and characteristics of the petitioner;

(2) the need for the sentence imposed-

B) to afford adequate deterrence to criminal conduct;

<u>(C) to protect the public from further crimes of the petitioner; and</u>

(D) to provide the petitioner with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentence and the sentencing range established for-

(A) the applicable category of offense committed by the applicable category of petitioner as set forth in the guidelines-(i) issued by the Sentencing Commission pursuant to <u>section 994(a)(1) of title 28, United States Code</u>, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under <u>section 994(p) of title 28</u>); and(ii) that, except as provided in section 3742(g), are in effect on the date the petitioner is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to <u>section 994(a)(3) of title 28, United States Code,</u> taking into account any amendments made to such guidelines or policy

4

<u>The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the Nonexistenting Grand Jury</u>

statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); 18 U.S.C. § 3553(a). Whether early termination of supervised release is warranted is a discretionary decision made by the district court, and is only occasionally warranted due to changed circumstances, such as exceptionally good behavior, which would render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of Section 3553(a). *U.S. v. Lussier,* 104 F.3d 32, 36 (2d Cir.1997). *See also U.S. v. Racsco,* No. 88cr817(CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000), *U.S. v. Herrera,* No. 94cr1021 (RWS), 1998 WL 684471, at *2 (S.D.N.Y. Sept. 30, 1998)

This MOTION will show that Shane has satisfied 18 U.S.C. § 3583(e) (1) because he has shown that his conduct and the interests of justice warrant the early termination of the term of his supervised release. As a preliminary matter, the court notes that Shane's meets the one-year threshold requirement set forth in section 3583(e) (1).

In addition, the Court will find that Shane's adequately demonstrated that new or exceptional circumstances exist. Specifically, Shane's request to continue to assist his family, who recently moved to Texas, by providing within the travel motion GRANTED back in November 2013. This would constitute a changed factor that warrants consideration to move out of

5

The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the Nonexistenting Grand Jury

New York. Further, Shane's conduct while on supervised release for the past one year and three (3) months was exemplary, and the court shall find his conduct and his desire to provide assistance to his family and brothers and sister constitutes a change in circumstances while triggering further consideration by this court.

In reaching the decision to terminate Shane's supervised release, the court considered the factors set forth in <u>18 U.S.C. § 3583(e)</u> and <u>18 U.S.C. § 3553(a)</u>. Significantly, the court finds that the deterrent value of this case has been fully realized and that there is no longer <u>any need to keep Petitioner on supervised release.</u>) See Story and background of this matter as Attachment (C) must see shocking story

Petitioner's, period of home confinement of 24 hours a day was from May 20, 2009 until November 5, 2010 with over <u>18 months of lost freedom with no credit from the Court or the BOP</u>. Further, Petitioner was in the Bureau of Prisons facility from <u>November 5, 2010 until December 6, 2012. Take Notice that Petitioner was in over forty (40) Court hearings never missing one date.</u>

<u>TAKE NOTICE:</u> NEITHER 13TH AMENDMENT XIII SECTION 1.NEITHER SLAVERY NOR INVOLUNTARY servitude, except as a punishment for crime whereof the party shall have been **duly convicted**, shall exist **within the United States**, or any place subject to their jurisdiction.

6

### Reason for GRANTING this Motion for TERMINATE PROBATION

1.)<u>Take Notice</u> of Article 1, Section 8, Clause 17:"To exercise exclusive legislative jurisdiction in all cases whatsoever, over such district <u>(not exceeding ten miles square)</u> as may, by cession of particular states, and the acceptance of Congress, become the <u>seat of the government of the United States</u>, and to exercise like authority over all places <u>purchased by the consent of the legislature of the state</u> in which the same shall be, for the erection of forts, magazines, arsenals, dockyards and other needful buildings; When the People delegated power between the federal and State governments, the so-called "police powers" were delegated to the State governments to be exercised exclusively within their physical boundaries. (e.g. <u>to the exclusion of any federal "police powers."</u>)

"Once an area has been brought under the exclusive legislative jurisdiction of the Federal Government, in general only Federal civil laws, as well as Federal criminal laws, are applicable in such area, to the exclusion of State laws..."The subject is so fully discussed by Mr. Justice Field, delivering the opinion of the court in <u>Fort Leavenworth R.R. Co. v. Lowe, 114 U.S. 525</u>, that we need do no more than refer to that case and the cases cited in the opinion. The civil authority of a State is extinguished over <u>privately owned areas and privately operated areas to the same extent as over federally owned and operated areas when such areas are placed under the exclusive legislative jurisdiction of the United States."</u>

7

The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the **Nonexistenting Grand Jury**

**2.) The District Court in the Western District of New York now knows that this matter was <u>NEVER PRESENTED TO THE GRAND JURY and how could they without a Complaint sign under the penalty of perjury. See 26 U.S.C. Section 6065 with no extension presented in the record. See Attachment (B) Showing it never done in open Court, any Concurrence, any Real Party, and NoExtension of Time of the 18 Months. Attachment "B"</u>** GRAND JURY TRANSCRIPTS NOT DONE IN OPEN COURT

**3.) <u>VIOLATION of the Constitution</u>, which is the Supreme Law of the Land, the contract between the people and the government**. Federal .Rules Criminal Procedure 6(f) commands: **"<u>A grand jury may indict only if at least 12 jurors concur</u>.** The grand jury – or its foreperson or deputy foreperson – **<u>must return the indictment to the magistrate judge in open court.</u>** If a complaint or indictment is pending against the living man Shane Christopher and 12 jurors did not concur in the indictment, the foreperson must promptly and in writing report the **<u>lack of concurrence</u>** to the magistrate judge." **<u>The record shows that this had not happened</u>**. There was no indication that the record was sealed. Petitioner went on to say that the **"indictment"** issued in this instant case was not signed by the **Grand Jury foreperson in violation of rule 6 (c)** which states that, **"The foreperson…..will sign all indictments."** The **local rules for (WDNY) and the Administrative Procedures Guide states in §§ 2 (c) (1),** that "Charging instruments in criminal cases shall be filed in the traditional <u>manner</u> rather than <u>electronically</u>."Petitioner **told her my alleged**

The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the **Nonexistenting Grand Jury**

indictment had both the grand jury foreperson and the US Attorney signature filed <u>electronically</u> ["/s/" foreperson] wherein the indictment should have had the Foreperson's <u>cursive</u> signature redacted shown and the US Attorney signature in <u>cursive</u>. I asked her if there was a sealed signed foreperson's signature with his concurrence.

That the Petitioner <u>**NEVER SIGN ANY WAIVER OF AN INDICTMENT**</u> in the RECORD within the Western District of New York (Buffalo Division) 1:09-cr00121.001 which the draft indictment was never sign under the penalties of perjury lacking a grand jury concurrence. Attachment (B)

3.) Pursuant to 18 USC § 3583 - Inclusion of a term of supervised release after imprisonment and if such a term is required by statute or if the petitioner has been convicted for the first time of a **domestic violence** crime as defined in section<u>3561 (b)</u>.Who gets supervised release? "<u>**Drugs crimes**</u>" and "<u>**domestic violence**</u>" only18 USC § 3561 – Reads (b) Domestic Violence Offenders. — A petitioner who has been convicted for the first time of a <u>**domestic violence**</u> crime shall be sentenced to a term of probation if not sentenced to a term of imprisonment. The term **"domestic Violence Crime"** means a crime of <u>**violence**</u> or which the petitioner may be prosecuted in a court of the United States in which the victim or intended victim is the spouse, former spouse, intimate partner, former intimate partner, child, or former child of the petitioner, or any other relative of the petitioner. <u>**The underlying offense was not a violent matter and NO Complaining see Rule 17a.**</u>

9

The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the Nonexistenting Grand Jury

**4.)** In addition, the public interest is best served by terminating Shane's supervised release because this will allow the Probation Office to invest the public's limited resources on those who are in need of supervision. **There is no benefit to be derived by maintaining supervision at public expense over someone who has proven himself to be beyond the need for supervision. Accordingly, having considered the factors set forth in <u>18 U.S.C. § 3583(e)</u> and <u>18 U.S.C. § 3553(a)</u>, the court finds that the Petitioner conduct and the interest of justice warrant he early termination of Petitioner supervised release. Petitioner motion for early termination of supervised release shall be <u>GRANTED</u>. See UNITED STATEOFAMERICA Ralph No.3:03CR116 (DJS).Dec. 30, 2005**

**5.) <u>VIOLATION of the Constitution</u>, which is the Supreme Law of the Land, the contract between the people and the government.** Federal .Rules Criminal Procedure 6(f) commands: **"A grand jury may indict only if at least 12 jurors concur.** The grand jury – or its foreperson or deputy foreperson – must return the indictment to the magistrate judge in open court.<u> If a complaint or indictment is pending against the living man Shane Christopher and 12 jurors did not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge.</u>" **The record shows that this had not happened.** There was no indication that the record was sealed. I went on to say that the "indictment" issued in this instant case was not signed by the Grand Jury foreperson in violation of **rule 6 (c)** which states that, **"The**

<u>The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the</u>
**<u>Nonexistenting Grand Jury</u>**

foreperson…..will sign all indictments." The <u>local</u> rules for (WDNY) and the Administrative Procedures Guide states in §§ 2 (c) (1), that "Charging instruments in criminal cases shall be filed in the <u>traditional</u> **manner** rather than <u>electronically</u>."Petitioner told her my alleged indictment had both the grand jury foreperson and the US Attorney signature filed <u>electronically</u> ["/s/" foreperson] wherein the indictment should have had the Foreperson's <u>cursive</u> signature redacted shown and the US Attorney signature in <u>cursive</u>.Petitioner asked her if there was a sealed signed foreperson's signature with his concurrence. She gave me that blank look again.

**6.) That the Petitioner <u>NEVER SIGN ANY WAIVER OF AN INDICTMENT</u> in the RECORD within the Western District of New York (Buffalo Division) 1:09-cr00121.001 which the draft indictment was never sign under the penalties of perjury lacking a grand jury concurrence.** Petitioners docket sheet shows no grand jury concurrence form, the form typically used to prove that a vote of 12 grand jury members occurred. It is the Plaintiff's burden to prove the Constitution and Federal Rules have been followed. Absent evidence of a return of the indictment in open court, and Absence of the evidence of a vote of 12 grand jury members, no valid indictment Exists and the case must be dismissed. Due Process – A course of legal proceedings according to those **Principles** and Rules which have been established in our systems of jurisprudence for the enforcement and protection of **Private Rights**. If any question of fact or liability be conclusively **presumed**

11

<u>The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the **Nonexistenting Grand Jury**</u>

against you, this is not **"Due Process of Law"**. Judicial proceedings are not necessarily synonymous with "Due Process"; the essential elements are **(1) notice (2) opportunity to be heard (3) and to defend in an orderly proceeding adapted to the <u>Nature</u> of the case and <u>Cause</u> of the action against you, and require that every man have the protections guaranteed by the Constitution**. Where Rights are concerned there can be no rule making which would abrogate them. <u>*U.S. V. Miller.*</u>

**If the government oppose this motion to terminating** petitioner's probation than Petitioner suggest that they review the **<u>GRAND JURY</u>** transcripts **<u>NOT</u>** done in open Court where it shows if **<u>never was presented to the Grand Jury</u>** and **<u>lacking any extension of the 18 months</u>**.

## CONCLUSION

<u>WE NOW MOVE THIS COURT, PURSUANT TO THE OATH BY WILLIAM MARION SKRETNY ORIGINAL FILED OCTOBER 4,1990 TITLE 28, SEC.456 ATTEST A TRUE COPY U.S. DISTRICT COURT ,WDNY AFFIRMED BY CHIEF, US DISTRICT JUDGE M. TELESCA.</u>

1. **To read, consider, comprehend and rule upon this motion and to uphold the Constitution and laws of the United States and abide by the oath taken by William M. Skretny and attending court officers, pursuant to the Constitution of the United States of America, Article VI, Clauses 2 and 3, and Constitutional requirements thereof:**

2. **Pursuant to those oaths, to base and support all rulings in law or case law which is Constitutionally compliant and which will not:**

12

(A) deny Constitutional Rights guaranteed in the National Constitution;

(B) deny Constitutional Rights to America people, in this instant motion

(C) violate federal and or state Constitutionally compliant laws;\

(D) Shield exonerate or hold Petitioner harmless and immune from violating federal or state laws, federal or State Constitutions, violating "Shane's" Constitutional Rights and <u>Rights of due process of law</u>, wrongdoing(s), crimes, criminal activity(ies), fraud, collusion and conspiracy, insurrection, sedition and anarchy.

3. **To acknowledge that Petitioner is one of the America people and William Marion Skretny takes a oath to protect me and uphold the Constitution Rights, the Bill of Rights and any action against Petitioner rights is void rulings by this Court since the <u>Constitution is the Supreme Law of this Land.</u>**

4. **There is not much for the Court to review but just look at the record. The <u>Fifth Amendment</u> of the <u>U.S. Constitution</u> provides, <u>"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."</u> See Exhibit "1" OATH OF OFFICE FOR THE UNITED STATES JUDGES, WILLIAM M. SKRETNY**

**WHEREFORE,** based on all the aforementioned reasons, and authorities in the interest of justice, moves the Court for a **Constitutional** Order terminating petitioner's probation for the reason stated above.

### Declaration

I declare under the penalty of perjury that the foregoing is true and correct See 28 USC Sec. 1746 (1) **and this motion is not vexatious and abusive and done in good faith.**

Date January 24, 2014                Respectfully Submitted,

BY: _Shane- Christopher: Buczek_
Shane- Christopher: Buczek- propria persona
In Care of Postal Department 7335 Derby Road
Derby: New York:
America, Non Domestic without the US
On the land near 14047 [Non-Assumpsit]
In Propria Persona (not Pro Se)
Without counsel
UCC 2013 12200706329 New York State Department
The executor of the estate EIN 46-6576277
Financing Statement No. 2013 12200706 329
New York Department of State Filing 12/20/2013
ALL RIGHTS RESERVED UCC 1-308

---

The matter and underlying offense was not a violent matter and never presented to the Grand Jury see enclosed Grand Jury transcripts with no Concurrence in violation of the Constitution and the Federal Rules of Criminal Procedures Rule 3 and 6 with no **WAIVER OF AN INDICTMENT AO 455 (Rev. 01/09) Waiver of an Indictment no Contract or Signature by the Judge and lacking any extension of the Nonexistenting Grand Jury**